# East Lackawannock School District v. Robinson et al.

*Stranahan & Sampson*, for plaintiff; *Joseph W. Nelson*, for defendants.

McLaughrey, P. J., September 23, 1932. — The School Directors of East Lackawannock Township, Mercer County, presented a bill in equity alleging that the defendants, Charles B. Robinson and Chauncey Robinson, had taken possession of a school property in said East Lackawannock Township known as the Carpenter School, and asked that they be restrained from placing any barrier or obstruction on the said property which would interfere or hinder the free use of the same by the school directors of said township. The defendants filed an answer, alleging that the said Charles B. Robinson now has the title to the farm from which the school property was taken, and that the right of the school district to use said property, as acquired from the predecessor of the said Charles B. Robinson in title, has expired inasmuch as the property is no longer used for the purpose for which it was originally acquired.

A hearing was held and testimony taken, and it appears from the evidence presented that the said Charles B. Robinson would be the legal owner of said property whenever the school district has in a legal manner abandoned the same. The question before the court is, therefore, whether or not this has been done. The plaintiffs deny that they have abandoned the property, and affirm that the school district is still using the same for the benefit of the schoolchildren of the district.

We are of the opinion that the School Code of May 18, 1911, P.L. 309, sec. 603, clearly sets forth what matters are essential to show abandonment of property by a school district. This section reads as follows:

"No property that has heretofore been acquired by, conveyed or granted to, any school district in this Commonwealth for school purposes, or which may hereafter be acquired by any school district for school purposes, shall be considered as abandoned until the board of school directors of such districts shall pass, by a vote of the majority of the members of the board, a resolution declaring it to be the intention of such district to vacate and abandon the same, whereupon all right, title, and interest of such district in such premises shall be fully terminated."

It is apparent that this act of assembly applies not only to property thereafter acquired but to "property that has heretofore been acquired by, conveyed or granted to, any school district in this Commonwealth for school purposes."

There can be no doubt but that the property known as "Carpenter School" was properly acquired by the school district for school purposes many years ago, and that the property has been under control of the school directors of said district since it was first acquired. Under the act of assembly it shall continue to be controlled by the school directors of said district until it shall be aban-

doned and in the manner provided by the act of assembly. There seems to be but one way to abandon the property, and that is for the school directors of the district to pass, by a vote of the majority of the members of the board, a resolution "declaring it to be the intention of such district to vacate and abandon the same". When this is done, the interest of the district in such premises is terminated.

This would seem to place the matter entirely in the hands of the school directors. The law assumes that the directors of the district are the persons who know and should decide when it is necessary to surrender a property which for many years has been set apart and used for the education of the children in that district. When the property was first acquired the owner of the farm from which this small tract of land was appropriated for school purposes had in mind the benefits that would be derived in having a public school building located within a convenient district. The State has undertaken to say in its laws that after the school district has appropriated money collected from the taxpayers to erect buildings thereon, the people of the district, represented by the school directors, shall have the right to determine when the property acquired shall revert back to the owner. When this shall be done is left to the judgment of the school officials.

The school directors of the district deny that any resolution in accordance with the act of assembly has ever been passed in the manner provided by the act of assembly, and no evidence has been presented to the court showing that the property has been abandoned in the manner essential to show abandonment, as provided by the law of the State.

At the hearing, the minutes of a meeting of the school directors held on July 1, 1929, were presented in evidence. The minutes of that date contain the following:

"By unanimous vote the Carpenter schoolhouse was closed permanently, and the secretary was instructed to advertise for the transportation of children as follows:

" 'Children to gather at the Carpenter schoolhouse and be transported from there to Mercer School.' "

It is argued by counsel for the defendants that this action of the school board would show a legal abandonment. On the contrary, it clearly shows that there was no intent on the part of the school directors to enact such a resolution as the law requires, which would mean that they were abandoning and vacating the property in order that it might revert back to the use of the person holding the present title of the farm from which the property was acquired. The use of the word "closed" in the minutes was undoubtedly used to indicate that a teacher would no longer be employed to render services in this building, as from the latter part of the motion or resolution the directors had in mind further use of the school building for the benefit of the schoolchildren. There is nothing in the minutes of July 1, 1929, to indicate that it was the intention of the board to pass a resolution to "vacate and abandon" the school property. We are of the opinion that the property known as "Carpenter School" still remains under the control of the school district.

### Decree

And now, September 23, 1932, the prayer of the petitioners is granted and the defendants, Charles B. Robinson and Chauncey Robinson, and their servants, agents and employes, are restrained and enjoined from erecting barriers or obstructions of any kind that will interfere with the free and uninterrupted use of the property known as the "Carpenter School" by the school directors of East Lackawannock Township.